## Willetts *v.* Willetts, Appellant.

Argued November 20, 1929.

Before Porter,
P. J., Trexler, Keller, Linn, Gawthrop, Cunning-
ham and Baldrige, JJ.

318

*Fred B. Gernerd,* and with him *Rodney A. Mercur,* for appellant.

*J. Roy Lilley,* of *Lilley & Wilson,* and with him *W. H. K. Davey* and *Burger & Burger,* for appellee.

OPINION BY KELLER, J., December 12, 1929:

Following the judgment of this court in Willetts v. Willetts, 96 Pa. Superior Ct. 198, vacating and annulling the decree of divorce granted by the court of common pleas of Bradford County because of fraud practised on the court, the libellant presented her petition to the court below asking for the allowance to her of counsel fees and expenses in the sum of $40,000 to be paid by her husband, the respondent. A rule to show cause was granted, service of which was accepted by the respondent's attorney of record.

The respondent then presented his petition raising the question of jurisdiction, under the Act of March 5, 1925, P. L. 23, which the court below, after argument, dismissed. This appeal followed, but as it was not "taken and perfected within fifteen days from the date when the decision [was] rendered," the appeal must be quashed.

To avoid unnecessary prolongation of the matter in the court below and further appeal to this court, we deem it proper to state that we are of one mind in the conclusion that this is not a proper case for the granting by the courts of this Commonwealth of any allowance for counsel fees and expenses to be paid by either party to the other. Both of them were equally concerned and equally guilty in the attempt to secure a divorce in this Commonwealth by fraud and perjury. The judgment of this court, above referred to, vacating and annulling the divorce thus corruptly obtained, was entered solely to vindicate the Commonwealth, an interested party in all divorce suits brought within its

borders, and purge its court records of a decree fraud-
ulently and corruptly secured by one not within its
jurisdiction and not entitled to its process, and not be-
cause the libellant and petitioner was an innocent and
injured party. She was just as deep in the mud of this
conspiracy to impose on the court as her husband was
in its mire, and is in no position to invoke its aid to
relieve her from the purely personal consequences of
her acts. Apart from purging its records of the fraud-
ulent decree, illegally obtained because of want of
jurisdiction of the parties, the Commonwealth will
leave those guilty of the fraud attempted to be perpe-
trated on its courts where they have placed themselves.

The appeal is quashed.